NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID H. PINCKNEY,<br><br>              Plaintiff,<br><br>v.<br><br>BRADFORD BURY,<br><br>              Defendant. | Case No. 3:22-cv-02408-GC-DEA<br><br>**MEMORANDUM OPINION** |

CASTNER, U.S.D.J.

**THIS MATTER** comes before the Court upon Plaintiff David H. Pinckney's ("Plaintiff") Complaint, filed on April 26, 2022. (ECF No. 1.) The Court has reviewed Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") and the Complaint, and will grant Plaintiff's IFP. However, the Court will dismiss Plaintiff's Complaint without prejudice for failure to comply with the applicable pleading standards.

**I.     BACKGROUND**

On April 26, 2022, Plaintiff, proceeding in this matter *pro se*, filed a Complaint and an IFP against Bradford Bury.[1] (ECF No. 1.)

The Plaintiff's Complaint provides minimal elaboration. The Complaint appears to assert civil rights claims against Judge Bury for false imprisonment for "allegedly owing money on a

---

[1] Based on the Court's review of public information, it appears the Honorable Bradford M. Bury is a judge in the New Jersey Superior Court.

1

contract that does not exist[.]" (Compl. at 4, ECF No. 1-1).[2] Plaintiff further alleges Judge Bury impersonated an officer or employee of the United States. (*Id.*)

## II. LEGAL STANDARD

IFP proceedings are governed by 28 U.S.C. § 1915 and "[t]he legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

All pleadings are required to meet the requirements of Federal Rule of Civil Procedure ("Rule") 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to

---

[2]   For record cites (*i.e.,* "EFC Nos.") refer to page numbers stamped by the court filing system rather than page numbers from filer.

relief," and "a demand for the relief sought"). *See Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based"). A district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. Sec'y United States HHS*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Further, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawana County Prison*, 438 F. App'x 158 (3d Cir. 2011).

As noted above, Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing Fed. R. Civ. P. 8(f)). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## III.    DISCUSSION

Having reviewed Plaintiff's IFP Application, the Court finds good cause to grant the IFP Application. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A court can *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff's Complaint fails to meet the standard set forth in Rule 8 because the allegations fail to provide additional information that gives rise to a claim. Plaintiff's claims appear to be in connection with his family court case. Plaintiff asserts Judge Bury impersonated a judge without providing details or establishing events related to the claim. (Compl. at 4.) The Complaint further asserts Judge Bury ordered Plaintiff's incarceration for owing money on a nonexistent contract, once again without any explanation. (*Id.*) Even under a liberal construction, assuming the contract is related to previous child support court orders, the Complaint fails to provide any facts that could constitute a legal claim against Judge Bury. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion of entitlement to relief"). Since the Court will not speculate about the underlying events giving rise to the allegations, Plaintiff's Complaint is dismissed for failure to provide a short and plain statement that outlines the specific allegations against Judge Bury pursuant to Rule 8. *See Smith v. Borow*, No. 3:19-cv-08553, 2020 WL 5494715, at *2 (D.N.J. Sept. 10, 2020) (dismissing for failure to comply with Rule 8 because plaintiff's allegations are confused and fail to identify events giving rise to claims).

Moreover, judicial officers are entitled to judicial immunity, as it is a "well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa*

v. *Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas v. Supreme Court of Pennsylvania.*, 211 F.3d 760, 769 (3d Cir. 2000). There are only two ways for judicial immunity to be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity . . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

While Plaintiff may disagree with Judge Bury's order, there are no allegations that Judge Bury acted beyond the scope of his judicial duties that would not entitle him to judicial immunity. The Complaint contains alleged conduct, taken as true, which qualifies as a "judicial act," to which judicial immunity applies. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). *See Chadwick v. Court of Common Pleas*, 244 F. App'x 451, 455 (3d Cir. 2007) (finding individual state court judges were entitled to judicial immunity for directing defendant's continued incarceration until his contempt was purged).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP is granted. However, following the court's *sua sponte* review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is dismissed without prejudice for the reasons set forth above. An appropriate Order will follow.

Date: June 21, 2023

GEORGETTE CASTNER, U.S.D.J.